IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MARILYN HALE, )
 )
 Plaintiff, )
 )
v. ) CIVIL ACTION NO.: CV509-034
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
 Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Marilyn Hale ("Plaintiff") contests the decision of Administrative Law Judge Morton J. Gold, Jr., ("the ALJ") denying her claim for a Period of Disability and Disability Insurance Benefits. In her complaint, Plaintiff asserts that the ALJ's decision is not supported by substantial evidence. (Doc. No. 18, p. 10). Plaintiff urges the Court to reverse the ALJ's decision and enter an award establishing disability benefits for Plaintiff, or in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits claiming that she became disabled on March 19, 2003[1], due to heart disease, arthritis, shortness of breath, back and knee pain, neuropathy, and degenerative joint disease. (R. 92-94;

---

[1] Plaintiff previously filed an application for benefits on April 7, 2004, alleging that she became disabled on March 19, 2003. This application received an unfavorable decision from an ALJ on May 18, 2006, and the Appeals Council affirmed the decision on October 31, 2007. The earliest date the ALJ considered Plaintiff's disability claims was May 19, 2006. (R. 11).

Doc. No. 18, p. 2). After this claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. The ALJ conducted a video conference hearing at which Plaintiff and Vocational Expert Dr. Silvio Reyes appeared and testified. (R. 19-44). The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 16). The Appeals Council denied Plaintiff's request for review of the ALJ's decision and the decision of the ALJ became the final decision of the Commissioner for judicial review. (R. 1).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step looks at work activity. If the claimant was involved in "substantial gainful activity," then they are not considered disabled and benefits are denied. Yuckert, 482 U.S. at 140. If there is no substantial gainful activity, the ALJ moves on to the second step and must determine if the claimant has a medically severe impairment or combination of impairments. Id. at 140-141. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal

AO 72A
(Rev. 8/82)

one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is able to perform her previous work, she is not disabled. If the claimant is unable to perform her past relevant work, the next step of the evaluation is completed by determining whether the claimant is able to work in the national economy, considering age, education, and work experience. Id. at 142. Disability benefits will be awarded only if the claimant is unable to perform other work. Id.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity since May 19, 2006, "the earliest established onset date." (R. 13). At step two, the ALJ determined that Plaintiff had "severe" impairments of coronary artery disease ("CAD"), arthralgias, and degenerative joint disease ("DJD") of her left knee. (Id.). At step three the ALJ determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.). The ALJ found that Plaintiff had the residual functional capacity to perform light exertional work activities but could never climb ladders, ropes, or scaffolding. (Id.). The ALJ also found that Plaintiff could individually sit, stand, walk, push, and/or pull for at least six hours of an eight hour work day. (Id.). Plaintiff was found to be able to lift or carry twenty pounds occasionally and ten pounds frequently and could climb ramps or stairs, balance, kneel, crouch, and crawl for not more than two and one half hours during an eight hour workday. (Id.). The ALJ further found that Plaintiff should avoid hazardous work environments. (R. 13-14). At step four, the ALJ determined that Plaintiff was able to perform her past relevant work as a bookkeeper or receptionist. (R. 16).

3

## ISSUES PRESENTED

Plaintiff contends that the Commissioner's determination is not supported by substantial evidence. Plaintiff specifically alleges 1) the ALJ erred by improperly discounting the opinion of Dr. Alan Morton, Plaintiff's long term treating physician; 2) the ALJ failed to properly review the assessed impact of Plaintiff's impairments on her ability to work eight hours a day; 3) the ALJ improperly evaluated the opinions of consulting physicians, Dr. James Fletcher and Dr. Louise Tashjian; and 4) the Appeals Council erred in denying review of the ALJ's Decision.

## STANDARD OF REVIEW

The judicial review of social security disability cases is a limited standard of review in which the court will not decide facts anew, make credibility determinations, or re-weigh the evidence. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). The court will simply review whether the Commissioner's decisions are supported by "substantial evidence," and whether the correct legal standards were applied. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Even if the evidence preponderates against the Commissioner's findings, [the court] must affirm if the decision reached is supported by substantial evidence." Martin, 894 F.2d at 1529.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

**1.  ALJ's Decision to Discount the Opinion of Dr. Morton**

Plaintiff asserts that the ALJ improperly discounted the opinion of Plaintiff's treating physician, Dr. Alan Morton, without good cause. (Doc. No. 18, p. 11). Defendant asserts that the ALJ's decision to discount the opinion of Dr. Morton is supported by substantial medical evidence in the record.

The Eleventh Circuit has held that a treating physician's opinion is entitled to substantial weight unless "good cause" is shown. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). Good cause for not adopting a treating physician's opinion exists when the medical opinion is conclusory, or is unsupported by objective medical findings or substantial evidence from the record. Lewis, 125 F.3d at 1440; Edwards, 580, F.2d at 583. "The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).

Plaintiff previously filed an application for disability which was denied initially and on appeal. (CV 507-103, Doc. No. 30). In that case, Dr. Morton submitted a medical source statement in which he opined that Plaintiff was limited to less than sedentary exertional work activities. (CV 507-103, Doc. No. 14-7, p. 48-51). In supporting the suggested limitations, Dr. Morton noted Plaintiff's CAD, Hypertension, and Neuropaty. (CV 507-103, Doc. No. 14-7, p. 49-50). Upon review, Dr. Morton's opinion was found to be properly discounted by the ALJ because the reviewing physicians' opinions, that

AO 72A
(Rev. 8/82)

Plaintiff could do light work were supported by substantial evidence, and were thus given significant weight. (CV 507-103, Doc. No. 26, p. 13).

In making his decision in the case at bar, the ALJ considered the medical source statement completed by Dr. Morton on January 2, 2008[2], in which Dr. Morton again indicated Plaintiff was limited to less than sedentary exertional work activities. (R. 463-468). In that medical source statement, Dr. Morton indicated that Plaintiff would need to lie down two to three times during an eight hour workday, could carry less than ten pounds both frequently and occasionally, could walk less than two hours in an eight hour workday, would have to alternate between standing and sitting periodically, and would be limited in her ability to push or pull in both upper and lower extremities. (R. 464). Dr. Morton also stated that Plaintiff should never climb, balance, kneel, crouch, crawl, or stoop and was limited to only frequently reaching. (R. 465). Plaintiff, in Dr. Morton's opinion, was to avoid concentrated exposure to noise, and all exposure to extreme heat, extreme cold, wetness, humidity, fumes, and hazards. (R. 466). Dr. Morton also opined that Plaintiff would be forced to miss work more than three times per month. (R. 467). In supporting his more recent opinion, Dr. Morton notes Plaintiff's CAD, Pulmonary Hypertension, probable Fibromyalgia, and Osteoarthritis but no longer notes Patient's neuropathy. (R. 467).

The ALJ concluded that Dr. Morton's opinion should be discounted since "the objective findings do not support claimant's allegation that her condition had worsened since [the previous] decision." (R. 15). In making this decision, the ALJ considered the medical records from Dr. Morton dated October 11, 2007 which stated that Plaintiff's

---

[2] The ALJ notes this medical source statement is dated January 14, 2008. (R. 15). However, the record before the court shows the statement is dated January 2, 2008.

6

CAD was "controlled with therapy" and that "a recent cardiac cath was ok." (R. 452). The ALJ also noted that Dr. Morton's records from November 20, 2007 through January 2, 2008 were essentially normal and included a statement that Plaintiff's CAD continued to be controlled with therapy and that Plaintiff denied having chest pain. (R. 475-485). The ALJ further noted a Spirometry Report (Pulmonary Function Test) which indicated Plaintiff had normal pulmonary function as of September 11, 2007. (R. 460). No evidence was offered, or appeared in the record, concerning Plaintiff's Osteoarthritis or Fibromyalgia.

The ALJ's decision to discount the opinion of Dr. Morton is supported by "good cause" as substantial evidence supports a finding that Dr. Morton's opinion is conclusory and not supported by the medical evidence. Substantial evidence also supports the ALJ's finding that "nothing anatomical, physical, nonexertional, or psychological had changed in claimant's health conditions that would reduce her residual functional capacity from the time of the last decision except for Dr. Morton's opinion." (R. 15).

2. **Consideration of Plaintiff's Combined Impairments**

Plaintiff contends that the ALJ failed to consider the combination of impairments in determining whether Plaintiff was disabled. (Doc. No. 18, p. 13). In support of this claim, Plaintiff notes that the ALJ failed to find that Plaintiff had a severe breathing disorder or that her neuropathy was a severe impairment. (Doc. No. 18, p. 13-14). It is well established that the ALJ must consider the combination of all impairments in evaluating disability. See Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987). Here, after considering "the entire record," the ALJ expressly found that Plaintiff does not have

7

"an impairment or combination of impairments that meets or medically equals one of the listed impairments." (R. 13). The ALJ explicitly considered Plaintiff's CAD, arthralgias, and DJD. (Id.). The ALJ also considered "all symptoms," explicitly including Plaintiff's neuropathy as evidenced by the determination that she should avoid hazardous conditions. (R. 14). Further, the ALJ explicitly considered Plaintiff's shortness of breath, noting the normal pulmonary function test. (R. 15). The ALJ's decision considered the combination of Plaintiff's impairments, thus there was no error.

### 3. ALJ's Evaluation of Consulting Physicians

Plaintiff contends that the ALJ erred in crediting only the evidence that would support the conclusion that Plaintiff was not disabled. (Doc. No. 18, p. 13). Specifically, Plaintiff contends that the ALJ erred in discounting the opinions of Dr. Morton and Dr. James Fletcher, a consulting physician, while crediting the opinion of Dr. Louise Tashjian, another consulting physician. The ALJ is not permitted to pick only the evidence that will support one conclusion. Tienbert v. Heckler, 720 F.2d 1251 (11th Cir. 1983). The ALJ, however, is obligated to evaluate every medical opinion that is submitted to determine the weight to which it is entitled. 20 C.F.R. § 404.1527.

On July 18, 2006, Dr. Fletcher completed a Physical Residual Functional Capacity Assessment of Plaintiff. (R. 360-367). In that assessment, Dr. Fletcher opined that Plaintiff could carry ten pounds occasionally and less than ten pounds frequently, could stand or walk at least two hours in an eight hour workday, and could sit about six hours in an eight hour workday. (R. 361). Dr. Fletcher further indicated that Plaintiff could occasionally climb, could never balance or stoop, could frequently kneel, and could occasionally crouch or crawl. (R. 362). Dr. Fletcher suggested that Plaintiff

AO 72A
(Rev. 8/82)

was to avoid all exposure to extreme heat, extreme cold, and hazards while avoiding concentrated exposure to wetness, humidity, noise, and fumes. (R. 364). Dr. Fletcher went on to defer to the recommendations of Dr. Morton stating "the objective evidence does not seem to fully support Dr. Morton's opinion's, but he is a longitudinal treating source, and given the specifics he has written, it is difficult to successfully dispute his recommendations." (R. 366).

Dr. Tashjian, a second consulting physician, completed another Physical Residual Functional Capacity Assessment. (R. 411-418). In that statement, Dr. Tashjian opined that Plaintiff could lift twenty pounds occasionally and ten pounds frequently, could stand or walk at least two hours in an eight hour workday, and could sit about six hours in an eight hour workday. (R. 412). Dr. Tashjian found that Plaintiff could occasionally climb ramps or stairs, stoop, kneel, or crouch; could balance or crawl; but could never climb ladders, ropes, or scaffolding. (R. 413). Plaintiff was found to have no established manipulative limitations and no environmental limitations except for avoiding all exposure to hazards. (R. 414, 415). Dr. Tashjian gives Dr. Morton's opinion "only some weight" since it is "not supported by objective evidence." (R. 417).

As discussed above, substantial evidence supports the ALJ's decision to discount the opinion of Dr. Morton. For the same reasons, substantial evidence supports the ALJ's decision to discount the opinion of Dr. Fletcher, who reluctantly defered to the opinion of Dr. Morton. Substantial evidence in the record also supports the ALJ's decision to give Dr. Tashjian's opinion "greater weight," as the objective medical findings support her conclusion. (R. 16). The ALJ's determinations as to which evidence to credit and which to discount, are supported by substantial evidence in the

9

record including normal catheterization reports, normal pulmonary function tests, and controlled CAD. As the ALJ's decision is supported by substantial evidence, there is no error in the ALJ's evaluation of these opinions.

4. **Appeals Council's Decision to Deny Review**

Plaintiff contests the decision of the Appeals Council to deny review of the ALJ's decision. (Doc. No. 18, p. 3). When new evidence is added to the record and is presented to the Appeals Council, the regulations require the Appeals Council to "review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b). In making the decision to deny review, the Appeals Council considered additional evidence that was not available to the ALJ. (R. 1, 4-5). The district court must "consider evidence not submitted to the administrative law judge but considered by the [Appeals Council] when that court reviews the Commissioner's final decision denying Social Security benefits." Ingram v. Commissioner of Social Sec. Admin., 496 F.3d 1253, 1258, (11th Cir. 2007). The additional evidence considered by the Appeals Council included progress notes from Dr. Morton ranging from January 3, 2008 through March 25, 2009. (R. 486-491, 492-494, 514-524.) The additional evidence also included medical records from St. Vincent's Hospital dated September 30, 2008, (R. 495-500), progress notes from Dr. Bournigal from September 16, 2008 through November 12, 2008, (R. 501-513), and medical records from Dr. O'Brien from July 25, 2008 through December 31, 2008. (R. 529-531). Plaintiff saw Dr. Morton on April 2, 2008 complaining of chest pain that was a four out of ten in severity and also complained of being more depressed. (R. 488). On September 30, 2008, Plaintiff

underwent a cardiac catheterization which revealed essentially normal results other than "mild irregularities" in the proximal left anterior descending artery. (R. 496). Plaintiff filled out a health assessment in which she indicated "with much difficulty" only in climbing stairs, taking tub baths, and reaching five pounds from above her head. (R. 501-502). Plaintiff also indicated that she was not able to do chores such as vacuuming or yard work, but that she suffered only some difficulty in most other daily activities including hygiene, dressing, standing, and running errands. (Id.). Dr. Bournagal's notes dated November 12, 2008 assessed Fibromyalgia, Restless Leg Syndrome, Burstitis, Headache, and Sicca Syndrome. (R. 505). On September 10, 2008, Plaintiff saw Dr. Morton, complaining of "moderate" back pain which "began months ago" and "does not awake her from sleep." (R. 509). As of December 15, 2008, Plaintiff's CAD continued to be "controlled with therapy" and Plaintiff was "overall doing well and [was] without any complaints or problems at this time." (R. 517). A similar report was made by Dr. Morton on March 23, 2009. (R. 521). Plaintiff saw Dr. O'Brien on July 2008, complaining of worsening knee pain. Dr. O'Brien then noted that an X-ray of the knee revealed normal bone density and normal soft tissues with well-preserved joint space. (R. 527). Plaintiff saw Dr. O'Brien again on December 23, 2008, complaining of heel pain for which she elected to take Motrin, and no longer complained of knee pain. (R. 529).

There is nothing in the additional evidence that would require a review of the ALJ's decision. The additional evidence continued to show that Plaintiff remained in a very similar condition to that prior to the ALJ's decision. Plaintiff's CAD "continued to be controlled" and Plaintiff continued to be "doing well." (R. 517). The evidence does show that Plaintiff complained of an increase in back pain and an incident of knee pain.

However, this back pain was "moderate" and the knee pain appears to have been controlled with an injection, as Plaintiff no longer complained of knee pain during her subsequent visits with Dr. O'Brien. Given the evidence from the entire record, including the new evidence considered by the Appeals Council, the determination that Plaintiff is not disabled, is supported by substantial evidence and is not contrary to the weight of the evidence.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of June, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE